# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

      Plaintiff,

  v.                                        Civil Action 2:18-cv-454
                                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Jolson

A&I HEALTH SOLUTIONS, LLC,

      Defendant.

## REPORT AND RECOMMENDATION

This is an action, initiated on May 8, 2018, for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. (*See* Doc. 1). Plaintiffs, the fiduciaries of three employee benefit trusts, assert claims under ERISA, 29 U.S.C. § 1132 and the LMRA, 29 U.S.C. § 185. (*Id*.). Defendant A&I Health Solutions, LLC was served with a summons and a copy of the Complaint by certified mail on June 26, 2018. (Doc. 2) but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default against Defendant A&I Health Solutions, LLC (Doc. 5), and the clerk entered default pursuant to Fed. R. Civ. P. 55(a) on August 13, 2018. (Doc. 6).

This matter is now before the Court on Plaintiffs' Motion for Default Judgment (Doc. 9), seeking default judgment against Defendant A&I Health Solutions, LLC. Plaintiffs have established that Defendant A&I Health Solutions, LLC entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which Defendant agreed

to pay contributions to the funds on behalf of its employees working within the work jurisdiction of the union. (*See* Doc. 9-3, Exs. A, B). The affidavit of Plaintiffs' Contractor Relations Manager (Doc. 9-2) establishes that Defendant owes $48,646.34 in unpaid fringe benefit contributions for the period February 2017 through August 2018. (*Id.*). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388–89 (6th Cir. 1991).

Plaintiffs seek an award of attorney's fees in the amount of $3,920.00, for 14 hours billed at the rate of $280.00 per hour. (Doc. 9-1). Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable. (*See generally id.*).

Plaintiffs are therefore entitled to judgment in the amount of $48,646.34 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest; an award of attorney's fees in the amount of $3,920.00; and interest from the time of judgment at the rate of 1% per month as well as the costs of this action.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 9) be **GRANTED**. It is further **RECOMMENDED** that the Clerk enter judgment against Defendant A&I Health Solutions, LLC, and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs recover from Defendant A&I Health Solutions, LLC $48,646.34 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest; an award of attorney's fees in the amount of $3,920.00; and interest from the time of judgment at the rate of 1% per month as well as the costs of this action.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: December 13, 2018         /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE